DANIEL R. HUDSON, petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hudson v. Commissioner
Docket No. 32104-86.
United States Tax Court
T.C. Memo 1988-162; 1988 Tax Ct. Memo LEXIS 189; 55 T.C.M. (CCH) 622; T.C.M. (RIA) 88162; April 19, 1988. Paul J. Krug, for the respondent SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Daniel J. Dinan, pursuant to section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) *190 of the Code [1] to hear, consider and rule on respondent's Motion for Summary Judgment filed August 18, 1987. The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: This case is before the court on respondent's Motion for Summary Judgment filed August 18, 1987, pursuant to Rule 121.[2]
Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654(a)
1981
$ 6,638.00
$ 1,659.50
$ 331.90
*
$ 509.06
1982
6,071.00
1,465.25
303.55 **
565.40
Petitioner timely filed a petition with this Court on August 4, 1986. Petitioner resided in California *191 when he filed his petition. Respondent filed a Motion to Dismiss for Lack of Jurisdiction on October 9, 1986, which was denied in an order dated January 28, 1987. Respondent filed his Answer on February 17, 1987. In his Answer, respondent, pursuant to section 6214(a) affirmatively pled allegations in support of his prayer for additions to tax for fraud pursuant to section 6653(b) and for additions to tax pursuant to section 6654(a). Petitioner failed to file a Reply to respondent's Answer as required by Rule 37(a) and (b) and respondent, on May 8, 1987, filed, pursuant to Rule 37(c), a Motion for Entry of Order That Undenied Allegations in Answer Be Deemed Admitted. On May 13, 1987, there was mailed to petitioner a Notice of Filing of Motion for Order Under Rule 37. In that notice, petitioner was advised that: If petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules on or before June 2, 1987, respondent's motion will be denied. If petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer. Petitioner having filed no Reply *192 on or before June 2, 1987, the Court, on June 18, 1987, granted respondent's motion and the affirmative allegatios in the Answer were deemed admitted. On September 2, 1987, the Court issued an order notifying the parties that respondent's Motion for Summary Judgment filed August 18, 1987, was calendared for hearing at the session of the Court commencing at 10 a.m., on November 9, 1987, in Courtroom 2021, Federal Building and Courthouse, 450 Golden Gate Avenue, San Francisco, California. When this case was called from the trial calendar on November 9, 1987, in San Francisco, California, for hearing on respondent's Motion for Summary Judgment, petitioner did not appear. Respondent appeared through counsel and was heard on his motion. A decision on a motion for summary judgment shall be rendered if the "pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The burden of proving that there is no genuine issue as to any material fact is on the moving party. ; *193 . The affirmative allegations of respondent's Answer which have been deemed admitted clearly establish that there are deficiencies in petitioner's Federal income taxes for the years 1981 and 1982 in the amounts of $ 6,638 and $ 6,071, respectively, and that he is liable for additions to tax pursuant to section 6654(a) for the years 1981 and 1982, in the amounts of $ 509.06 and $ 565.40, respectively. Section 6653(b) provides that if any underpayment of tax required to be shown on the return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. Respondent bears the burden of proving fraud by clear and convincing evidence. Rule 142(b); section 7454(a); ; . Respondent's burden can be satisfied through undenied facts deemed admitted under Rule 37(c). ;. The material factual allegations in respondent's Answer that have been deemed *194 admitted present clear and convincing evidence that petitioner's underpayments of tax for the years 1981 and 1982 were due to fraud with intent to evade tax. Briefly stated, those facts are: In the years 1978 and 1979, petitioner filed Federal income tax returns in which he reported his wages as income. In the years 1980, 1981 and 1982, petitioner did not file Federal income tax returns. During the years 1981 and 1982, petitioner was employed as an ironworker. In 1981, petitioner was employed by and received wages from nine different employers in the total amount of $ 27,798.71. Petitioner was furnished a Form W-2 showing the wages he received by each of his 1981 employers. In 1981, petitioner received unemployment compensation from the State of California in the amount of $ 198. In 1982, petitioner was employed by and received wages from six different employers in the total amount of $ 28,014.56. Petitioner was furnished a Form W-2 showing the wages he received by each of his 1982 employers. In 1981, petitioner submitted to six of his nine employers Forms W-4 (Employee's Withholding Allowance Certificate(s)) on which he claimed exemption from withholding. In 1982, petitioner *195 submitted to all six of his employers, Forms W-4, on which he also claimed exemption from withholding. When petitioner submitted the Forms W-4 to his employers in 1981 and 1982, he was not entitled to claim exemption from withholding and at the time he submitted the Forms W-4 to his employers in 1981 and 1982, petitioner knew that he was not entitled to claim exemption from withholding. When the petitioner was interviewed by an Internal Revenue agent on January 28, 1985, he attempted to conceal the fact that he had taxable income in 1981 and 1982. Because this record presents no genuine issue as to any material fact, respondent is entitled to a decision as a matter of law. The facts deemed admitted in this case establish by clear and convincing evidence that a part of the underpayment in tax in each of the years 1981 and 1982 was due to fraud with the intent to evade tax. See . Respondent's Motion for Summary Judgment filed August 18, 1987, will be granted. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise indicated. ↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50% of the interest due on the underpayment of $ 6,638 ** 50% of the interest due on the underpayment of $ 6,071 ↩